ROBERT S. BREWER, JR.
United States Attorney
Alicia P. Williams
Assistant U.S. Attorney
California Bar No.: 262823
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8917
Email:  Alicia.Williams@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>MANUEL RODRIGUES-BARIOS,<br><br>Defendant. | Case No.: 20-cr-01684-LAB<br><br>United States' Motions *In Limine* to:<br><br>(A) Exclude Witnesses Other than Case Agent<br>(B) Prohibit Reference to Health, Age, Education, etc.<br>(C) Admit A-File Documents and Testimony<br>(D) Limit Character Evidence<br>(E) Preclude Defense Expert Testimony<br>(F) Admit Rule 609 Evidence<br>(G) Admit Testimony about Public Databases<br>(H) Exclude Evidence of Duress or Necessity<br>(I) Admit Government's Expert Testimony<br><br>Date: January 11, 2021<br>Time: 3:00 p.m.<br><br>The Honorable Larry A. Burns |

The United States of America, by and through its counsel, Robert S. Brewer, Jr., United States Attorney, and Alicia Phillip Williams, Assistant United States Attorney, hereby files its Motions in Limine.

//

//

//

# I
# STATEMENT OF FACTS

On May 22, 2020, a United States Border Patrol Agent encountered Defendant just north of the International Boundary Fence and approximately one mile west of the Calexico, California West Port of Entry. During an immigration inspection, Defendant claimed to be a citizen of Mexico, without any documentation that would allow him to enter or remain in the United States lawfully. Agents placed Defendant under arrest and transported him to the El Centro Station for further processing.

Post-Miranda, Defendant admitted he is a citizen of Mexico without any documents that would allow him to enter or remain in the United States lawfully. Records checks confirmed Defendant has not applied for permission to reenter the United States.

# II
# ARGUMENT

**A.   The Court Should Exclude Witnesses During Trial with the Exception of the Government's Case Agent**

"At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. An exception to this rule exists for "a person whose presence a party shows to be essential to presenting the party's claim or defense." *Id.* The case agent in the present matter, Border Patrol Special Agent Harvey Nunez, has been critical in moving the investigation forward to this point and is considered by the Government to be an integral part of the trial team. Therefore, the Government requests that all testifying witnesses except for the case agent be excluded during trial pursuant to Rule 615. *Cf. United States v. Thomas*, 835 F.2d 219, 222-23 (9th Cir. 1987) (FBI agent properly exempted from Rule 615 exclusion as an officer for the government).

**B.     The Court Should Prohibit Reference to Defendant's Health, Age, Education, Finances, Lack of Criminal History, and Potential Punishment**

Defense counsel may wish to raise potential penalties Defendant faces if convicted. Information about penalty and punishment draws the jury's attention away from its chief function as the sole judge of the facts, opens the door to compromised verdicts, and confuses the issues to be decided. *United States v. Olano*, 62 F.3d 1180, 1202 (9th Cir. 1995). In federal court, the jury is not permitted to consider punishment in deciding whether the Government has proved its case against the defendant beyond a reasonable doubt. *See* 9th Cir. Crim. Jury Instr. § 7.4 (2010). Any such argument or reference would be an improper attempt to unduly influence the jury by sympathy for the defendant and to prejudice the jury against the Government. *See id.*, § 3.1. Accordingly, the Government hereby moves the Court to order defense counsel not to mention any penalty or punishment to the jury or solicit testimony regarding the same.

Likewise, the defense should be prohibited from making reference to or arguing about Defendant's education, health, age, finances, family circumstances, or lack of criminal history. Defendant may attempt to introduce evidence designed to improperly arouse the sympathy of the jury, such as evidence of his age, his family, finances, or any other aspects of his personal background. The Court should preclude Defendant from presenting such evidence under Federal Rules of Evidence 401, 402, and 403. To that end, the Government expressly requests that the defense be precluded from resorting to a common, yet entirely objectionable, defense tactic of "introducing" Defendant to the jury through the use of irrelevant family photographs and reference to Defendant's family, and lack of documented criminal history.

Testimony about Defendant's education, health, age, finances, family circumstances, and lack of criminal history are patently irrelevant to the issues in this case.

Rule 401 defines "relevant evidence" as evidence having "any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence." Rule 402 states that irrelevant evidence is not admissible. Testimony about Defendant's age and personal background are of no consequence to the determination of any essential facts in this case. Moreover, a defendant's right to testify is not absolute; it does not authorize a defendant to present irrelevant testimony. *See, e.g.*, *United States v. Adames*, 56 F.3d 737, 746-47 (7th Cir. 1995) (holding that district court properly excluded video of defendant's children opening gifts on Christmas because video would only develop sympathy for accused and would not establish defendant's whereabouts two days earlier).

Furthermore, the introduction of such evidence would violate Federal Rule of Evidence 403. That rule allows a court to exclude relevant evidence where the danger of unfair prejudice or confusion of the issues outweighs the probative value of such evidence. A trial court has "wide latitude" to exclude such prejudicial or confusing evidence. *United States v. Saenz*, 179 F.3d 686, 689 (9th Cir. 1999). The admission of testimony about Defendant's education, health, finances, and age will tend "to induc[e] decision on a purely emotional basis" in violation of Rule 403. Fed. R. Evid. 403 Advisory Committee Notes; *United States v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998). Juries should not be influenced by sympathy. 9th Cir. Crim. Jury Instr. § 3.1 (2010). The Government therefore moves the Court to order defense counsel not to introduce such testimony from Defendant or any witnesses.

**C.    The Court Should Admit A-File Documents and Testimony**

The United States intends to offer documents from the Alien Registration File, or "A-File," that correspond to Defendant to establish Defendant's alienage, prior deportation, prior removals, and a lack of documentation showing any attempt by

4

Defendant to seek or obtain authorization from the Secretary of the Department of Homeland Security to reenter the United States.

The Ninth Circuit has held that "deportation documents are admissible to prove alienage under the public records exception to the hearsay rule." *United States v. Hernandez-Herrera*, 273 F.3d 1213, 1218 (9th Cir. 2001) (affirming the admission of deportation documents to prove alienage). The Ninth Circuit has also made clear that a deportation order, when combined with a Defendant's admission of alienage and the testimony of an A-file custodian, is sufficient evidence of alienage. *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1158 (9th Cir. 2000); *see also United States v. Sotelo*, 109 F.3d 1446, 1449 (9th Cir. 1997) (finding sufficient evidence of alienage where the government's evidence consisted of a prior deportation order, the defendant's admissions to an INS agent that he was a Mexican citizen, and his admissions during the deportation hearing that he was not a United States citizen).

Furthermore, the Ninth Circuit has ruled that admission of the immigration judge's memoranda of oral decision, Warning to Alien Ordered Removed or Deported, and Warrant of Removal do not violate a defendant's Sixth Amendment rights because the documents are non-testimonial in nature. *United States v. Valdovinos-Mendez*, 641 F.3d 1031, 1034 (9th Cir. 2011).

At trial, a United States Border Patrol Agent will be called to testify regarding the immigration documents contained in Defendant's A-File, record-keeping procedures, and the significance of certain documents in the file. This testimony will be based on personal, on-the-job experience. *See* Fed. R. Evid. 701 (such testimony is "helpful to a clear understanding of the determination of a fact in issue"); *Loyola-Dominguez*, 125 F.3d at 1317 (agent "served as the conduit through which the government introduced documents"

from A-file). The Court should admit documents from and testimony about Defendant's A-File.

**D.     The Court Should Limit Defendant to Proper Character Evidence**

The Government also moves to preclude Defendant from attempting to introduce testimony regarding any specific acts of prior good conduct. Testimony as to multiple instances of good conduct violates Federal Rule of Evidence 405(a). *United States v. Barry*, 814 F.2d 1400, 1403 (9th Cir. 1987). Federal Rule of Evidence 404(a)(1) further states that evidence of a person's character is not admissible for the purpose of proving a person's actions on a particular occasion, except that "a defendant may offer evidence of a defendant's pertinent trait, and . . . the prosecutor may offer evidence to rebut it." Fed. R. Evid. 404(a)(2)(A). Thus, a character witness cannot offer specific instances of conduct by Defendant which would tend to support the reputation of Defendant. *United States v. Giese*, 597 F.2d 1170, 1190 (9th Cir. 1979) (holding that character witnesses must restrict their direct testimony to appraisals of defendant's reputation); *United States v. Hedgcorth*, 873 F.2d 1307, 1313 (9th Cir. 1989) ("While a defendant may show a characteristic for lawfulness through opinion or reputation testimony . . . , evidence of specific acts is generally inadmissible"). Consequently, the Government moves to prohibit Defendant from introducing testimony from any character witness regarding a specific instance of Defendant's conduct.

**E.     The Court Should Preclude Defense Expert Testimony**

Pursuant to Federal Rules of Criminal Procedure 16(b) and 26.2, the Government requests that Defendant disclose to the Government all exhibits and documents that Defendant intends to introduce as evidence in his case-in-chief at trial or that were prepared by a witness whom the Defendant intends to call at trial. Moreover, the Government is entitled to disclosure of written summaries of testimony that Defendant intends to offer

6

under Federal Rules of Evidence 702, 703, or 705 as evidence at trial. The summaries should describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications. To date, Defendant has provided neither notice of any expert witness nor any reports by expert witnesses. Accordingly, Defendant should not be permitted to introduce any expert testimony.

If the Court determines that Defendant may introduce expert testimony, the Government requests a hearing to determine the expert's qualifications and relevance of the expert's testimony pursuant to Federal Rule of Evidence 702 and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999). *See United States v. Rincon*, 28 F.3d 921, 927 (9th Cir. 1994) (affirming district court's decision not to admit defendant's proffered expert testimony because there had been no showing that the proposed testimony related to an area that was recognized as a science or that the proposed testimony would assist the jury in understanding the case); *see also United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000).

**F.   The Court Should Admit Evidence Pursuant to Rule 609**

The United States intends to use Defendant's prior convictions for impeachment purposes under Rule 609. Specifically, should Defendant testify, the United States intends to inquire about Defendant's felony convictions for Cal. Penal Code § 422 (A), Criminal Threats, and Title 8 U.S.C. § 1326(A) & (B), Attempted Reentry of Removed Alien. The United States will also use Defendant's felony conviction for Attempted Reentry of Removed Alien should Defendant contend that he had permission to enter the United States or that he did not need permission to enter. If Defendant testifies at trial, he will place his credibility squarely at issue, and the United States should be permitted to inquire as to his convictions.

7

Rule 609 provides that evidence of these felony convictions "*must* be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B) (emphasis added). The Ninth Circuit has listed five factors that the district court should balance. *United States v. Browne*, 829 F.2d 760, 762-63 (9th Cir. 1987). Specifically, the court must consider: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. *Id.* at 762-63; *see also United States v. Hursh*, 217 F.3d 761 (9th Cir. 2000).

Here, the impeachment value of Defendant's felony conviction is high. Should Defendant testify, his credibility will become a central issue. To properly evaluate his credibility, the jury should know that Defendant has a felony conviction. The probative value of this fact outweighs its prejudicial effect. Accordingly, this Court should admit Defendant's prior conviction under Rule 609(a)(1) if he elects to testify at trial.

**G.     The Court Should Admit Testimony about Public Databases**

The United States seeks to admit evidence from the A-File custodian concerning public database searches that he performed in order to prove, among other things, an absence of records. Specifically, the A-File custodian would testify that Defendant did not have prior permission to enter the United States and that Defendant does not have a legitimate claim to citizenship of the United States. The Ninth Circuit has held that this evidence is admissible. *United States v. Valdovinos-Mendez*, 641 F.3d. 1031, 1035 (9th Cir. 2011) ("[P]ublic records are an exception to the hearsay rule and testimony from a qualified agent is permitted to show 'that diligent search failed to disclose the record,

report, statement, or data compilation, or entry.'") (quoting Fed. R. Evid. 1002 and 803(10)).

**H.     The Court Should Exclude Evidence of Duress or Necessity**

A pretrial motion is the appropriate vehicle to test the sufficiency of a proffered defense and to preclude evidence of the defense if the evidence is insufficient to support it. Fed. R. Crim. Proc. 12(b)(2). The Ninth Circuit has "long held that a defendant is not entitled to present a duress defense to a jury unless the defendant has made a prima facie showing of duress in a pre-trial offer of proof." *United States v. Vasquez-Landavar*, 527 F.3d 798, 802 (9th Cir. 2008); *see also United States v. Schoon*, 971 F.2d 193, 195 (9th Cir. 1991) (district court may preclude a necessity defense where "the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense.")

A defendant must "establish three elements in order to present a duress defense: (1) an immediate threat of death or serious bodily injury; (2) a well-grounded fear that the threat will be carried out; and (3) lack of a reasonable opportunity to escape the threatened harm." *Vazquez-Landavar*, 527 F.3d at 802. "To establish the element of immediacy, a defendant must make the prima facie showing that the defendant completed the illegal action under a threat of immediate harm to the defendant or the defendant's family." *Id.* Where a defendant fails to make a prima facie threshold showing as to each element of the duress defense, the district court should exclude any evidence or argument concerning such a defense. *Id.*; *see also United States v. Moreno*, 102 F.3d 994, 998 (9th Cir. 1997) ("Evidence of duress is not relevant if the defendant fails to present evidence of a prima facie case of the affirmative defense."). The defendant here has not made such a showing and he should be precluded from offering evidence of duress at trial.

9

To be entitled to a necessity defense, a defendant must establish the existence of four elements: (1) that he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and (4) that there was no legal alternative to violating the law. *Schoon*, 971 F.2d at 195; *United States v. Dorrell*, 758 F.2d 427, 430-31 (9th Cir. 1985). A court may preclude use of the defense if "proof is deficient with regard to any of the four elements." *Schoon*, 971 F.2d at 195. Here, Defendant has not made such a showing and should be precluded from introducing evidence of necessity.

The United States respectfully requests that the Court rule on this issue at the motions *in limine* hearing to avoid the unfair prejudice and confusion that would result from comments concerning otherwise inadmissible evidence during trial.

**I.     The Court Should Admit Expert Testimony by the Government**

The Government presently intends to call Fingerprint Analyst Laurie Torres. Laurie Torres is expected to testify about fingerprint analysis and that, based on fingerprints in Defendant's A-file, Defendant is the same person who, according to Defendant's A-file, was previously deported.

In addition, the United States intends to call Border Patrol Agent Harvey Nunez to testify regarding Defendant's A-file, the documents it contains, and Immigration procedures. Although the United States does not believe such testimony is expert testimony under the Federal Rules of Evidence, it is providing this notice in an abundance of caution.

The Government provided Defendant notice of these witnesses pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) on November 4, 2020 and provided a copy of Laurie Torres's report on November 23, 2020. The government provided Defendant with a copy of Laurie Torres's qualifications on December 28, 2020. The Court should admit expert testimony by these witnesses.

If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed. R. Evid. 702. Determining whether expert testimony would assist the trier-of-fact in understanding the facts at issue is within the sound discretion of the trial judge. *United States v. Alonso*, 48 F.3d 1536 (9th Cir. 1995).

An expert's opinion may be based on hearsay or facts not in evidence where the facts or data relied upon are of the type reasonably relied upon by experts in the field. Fed. R. Evid. 703. In addition, an expert may provide opinion testimony even if the testimony embraces an ultimate issue to be decided by the trier-of-fact. Fed. R. Evid. 704.

## III

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that its motions *in limine* be granted.

Dated:      December 28, 2020            ROBERT S. BREWER, JR.
                                         United States Attorney

                                         s/*Alicia P. Williams*
                                         Alicia P. Williams
                                         Assistant United States Attorney